**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| 401 LIBERTY STREET, LLC and ) <br> BEHAVIORAL HEALTH NETWORK, INC., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PHILADELPHIA INDEMNITY INSURANCE ) <br> COMPANY, ) <br> Defendant. ) | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION HAMPDEN SUPERIOR COURT C. A. NO. 2179CV00052** |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") hereby removes the above-entitled action to this Court on the following grounds:

1. On or about January 29, 2021, Plaintiffs commenced a civil action in Hampden County, Massachusetts, Superior Court, C.A. No. 2179CV00052 against Philadelphia in which Plaintiffs claim that they are entitled to damages pursuant to theories of Breach of Contract (Count I) and "Violations of M.G.L. c. 93A and 176D" (Count II), as a result of the alleged breach of Philadelphia's obligations under a policy of insurance following a fire that damaged property located at 59 St. James Avenue in Springfield, Massachusetts.

   **I.   This action can be properly removed because the District Court has Original Jurisdiction over Plaintiffs' claims.**

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 2201 and 1332.

3. Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States…."

**II.  This action can be properly removed because the District Court has federal diversity jurisdiction over Plaintiffs' claims.**

4. In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

   **a. The Amount in Controversy Exceeds $75,000.00.**

5. The Civil Action Cover Sheet that the Plaintiffs submitted to the Superior Court contains a Statement of Damages Pursuant to G.L. c. 212, § 3A. Under the heading "Contract Claims," Plaintiffs wrote "DEFENDANT FAILED TO PAY ON A CLAIM MADE UNDER A FIRE INSURANCE POLICY HELD BY THE PLAINTIFFS. TOTAL: $626,685."

6. Accordingly, the requirement for federal diversity jurisdiction that the amount in controversy, pursuant to 28 U.S.C. §1332(a), be greater than $75,000.00, is satisfied.

   **b. The requisite diversity of citizenship under U.S.C. § 1332(a) is satisfied.**

7. The defendant, Philadelphia, is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Pennsylvania.

8. Paragraph 1 of the Plaintiffs' Complaint in the Superior Court action alleges that 401 Liberty Street, LLC is a Massachusetts limited liability company, with its principal place of business located at 265 State Street, Springfield, MA 01103." Upon information and belief, none of the members of 401 Liberty Street, LLC are residents of Pennsylvania.

9. Paragraph 2 of the Plaintiffs' Complaint in the Superior Court action alleges that Behavioral Health Network, Inc. is a nonprofit corporation, with its principal place of business at 417 Liberty Street, Springfield, MA 01104.  Upon information and belief, Behavioral Health Network, Inc. is a nonprofit corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.

10. Because there is diversity of citizenship between the plaintiff and the defendant, the requisite diversity of citizenship under 28 U.S.C. § 1332(a) is satisfied.

### III.  Defendants have satisfied the procedural and venue requirements for removal.

11. Defendant Philadelphia received the Plaintiffs' Complaint in the Hampden County Superior Court Action on February 23, 2021. This notice of removal is within thirty (30) days of the latter date and is therefore timely under 28 U.S.C. §1446(b).

12. The Hampden County Superior Court, Springfield, Massachusetts is located within the geographical area of the United States District Court for the District of Massachusetts. Venue for this action is proper in this Court under 28 U.S.C. §1441(a) because this Court is the "district and division embracing the place where such action is pending."

13. Pursuant to 28 U.S.C. § 1446(a), Philadelphia received the suit papers, a copy of which is attached hereto as Exhibit "A," on February 23, 2021. No further proceedings have been had therein.

14. Defendants will file a Notice of Filing of Removal of Civil Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Hampden County, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Removal of Civil Action to Federal Court is attached hereto as Exhibit "B."

15. Defendant will serve written Notice to Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal, on Plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to Counsel of Removal of Civil Action to Federal Court is attached hereto as Exhibit "C."

16. Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

17. By virtue of this Notice of Removal of Action and the Notice filed in the underlying action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendant hereby removes this action from the Hampden County Superior Court to the United States District Court for the District of Massachusetts.

Dated: March 15, 2021

Respectfully submitted,
Philadelphia Indemnity Insurance Company
By its attorneys

*/s/ David W. Zizik*
David W. Zizik (BBO #540780)
SULLOWAY & HOLLIS, P.L.L.C.
40 Westminster Street, Suite 201
Providence, RI 02903
Phone: +1 (401) 265-5151
Email: dzizik@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2021.

*/s/ David W. Zizik*