EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
2179CV00052

401 Liberty Street LLC and Behavioral Health Network, Inc., PLAINTIFF(S)

V.

SUMMONS

Philadelphia Indemnity Insurance Company, DEFENDANT(S)

To the above named defendant: Philadelphia Indemnity Insurance Co.

You are hereby summoned and required to serve upon Shawn M. O'Connor, plaintiff's attorney, whose address is RAIPHER, P.C., 265 State St. Springfield MA 01103 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the 9th day of February in the year of our Lord two thousand twenty-one

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. summons is issued pursuant to Rule 4 Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy Attest: Joseph P. Casey
Deputy Sheriff Suffolk County
2-23-21

FORM No. 1

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2179CV00052 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: 401 Liberty Street, LLC et al vs. Philadelphia Indemnity Insurance Company | | Laura S Gentile, Clerk of Courts |
| TO: Shawn M O'Connor, Esq. Raipher PC 265 State St Springfield, MA 01103 | | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION     DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/29/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 06/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 06/01/2021 | 06/28/2021 | 07/28/2021 |
| All motions under MRCP 15 | 06/01/2021 | 06/28/2021 | 07/28/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 11/26/2021 | | |
| All motions under MRCP 56 | 12/27/2021 | 01/24/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/24/2022 |
| Case shall be resolved and judgment shall issue by | | | 01/30/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 02/09/2021 | ASSISTANT CLERK Brian Dolaher | PHONE (413)735-6017 |
|---|---|---|

Date/Time Printed: 02-09-2021 09:26:10                                                                                                    SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2179 CV 00052 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): 401 LIBERTY STREET, LLC and BEHAVIORAL HEALTH NETWORK, IN ADDRESS: | DEFENDANT(S): PHILADELPHIA INDEMNITY INSURANCE COMPANY | COUNTY Hampden |
| ATTORNEY: Ralpher D. Pellegrino; Shawn M. O'Connor ADDRESS: RAIPHER, P.C. 265 State Street, Springfield, MA 01103 (413) 746-4400 BBO: RDP: #560614; SMO: #656221 | ADDRESS: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Insurance Contract | F | ☒ YES   ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................................................................... $ _____
  2. Total doctor expenses ....................................................................................................... $ _____
  3. Total chiropractic expenses .............................................................................................. $ _____
  4. Total physical therapy expenses ...................................................................................... $ _____
  5. Total other expenses (describe below) ............................................................................ $ _____
        Subtotal (A): $ _____
DIAGNOSTIC IMAGING

B. Documented lost wages and compensation to date ........................................................... $ _____
C. Documented property damages to dated ........................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................................... $ _____
E. Reasonably anticipated lost wages ...................................................................................... $ _____
F. Other documented items of damages (describe below) ..................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
DEFENDANT FAILED TO PAY ON A CLAIM MADE UNDER A FIRE INSURANCE POLICY HELD BY THE PLAINTIFFS.    TOTAL: $ 626,886.00

Signature of Attorney/Pro Se Plaintiff: X /s/                                     Date: Jan 28, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/                                     Date: Jan 28, 2021

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.　　　　　　　　　　　　SUPERIOR COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 2179CV00052

---

401 LIBERTY STREET, LLC, and
BEHAVIORAL HEALTH NETWORK, INC.,
　　　　　Plaintiffs,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,
　　　　　Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, 401 Liberty Street, LLC ("401 Liberty"), is a Massachusetts limited liability company, with its principal place of business located at 265 State Street, Springfield, Massachusetts 01103.

2. The Plaintiff, Behavioral Health Network, Inc. ("BHN"), is a non-profit corporation, with its principal place of business located at 417 Liberty Street, Springfield, Massachusetts 01104.

3. The Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia"), is a Pennsylvania insurance business corporation, with an office located at 175 Federal Street, Suite 710, Boston, Massachusetts 02110.

### FACTS

4. On or about December 7, 2018, a fire damaged the property located at 59 – 61 St. James Avenue, Springfield, Massachusetts 01105 ("Premises").

5. The Premises are comprised of two buildings that are used by BHN as a single group home with greater than 16 residents in each building. The fire severely damaged building 59, which is the portion of the premises that, in part, serves as the only kitchen

for all the residents of the group home, as well as the only location for an intake center, meeting rooms and a nurses' station, all of which are necessary to the operation of the group home.

6. BHN filed a claim with their insurance company, Philadelphia, for the damage caused by the fire pursuant to the policy issued by Philadelphia to BHN.

7. As a result of the fire and the damages therefrom, the Premises was uninhabitable, which forced BHN to lease properties located at 64 and 82 Temple St. Springfield, Massachusetts, for their many residents left homeless by the fire.

8. In January of 2019, after the fire, 401 Liberty entered into a purchase and Sale Agreement (St. James P&S) for the Premises from BHN.

9. Separate and apart from the St. James P&S, BHN assigned its insurance claim for the fire damage to the premises to 401 Liberty.

10. Thereafter, in an effort to determine the scope of the repairs necessary to re-occupy the premises for the previous use, 401 Liberty requested a Code review from the City of Springfield in order to determine the minimal repairs necessary to meet the requirements of the State Building and Fire Code for the Premises to be continued to be used as a Group Home (use group I-1).

11. On or about April 10, 2019, the Building Commissioner for the City of Springfield reviewed the proposal submitted by 401 Liberty to comply with the State Building and Fire Code and agreed with the architect's conclusions.

12. Thereafter, 401 Liberty provided the Philadelphia's adjuster with both its architect's review report and the building Commissioner's response.

13. In or around December 2018, Philadelphia retained an independent adjusting firm, to investigate and evaluate the damages to the Premises.

14. On or about July 25, 2019, Philadelphia, through its independent adjuster, retained a consulting firm to review the claim and related documents regarding the damage to the Premises.

15. On or about August 30, 2019, 401 Liberty retained its own consultant to perform an independent review of the Premises.

16. In or around June of 2020, Philadelphia's consultant toured only the exterior of the Premises and sent a letter to 401 Liberty stating that they believed the building to be indicated as an "R-3 Classification."
17. On August 27, 2020, 401 Liberty's consultant determined the Premises intended use and occupancy was "Institutional Type I-1, Condition 1," and that "additional time is required for fire protection" to bring the Premises up to Code.
18. On November 23, 2020, an agent for Philadelphia notified 401 Liberty that the Premises "can be returned to its pre-damage condition without upgrade" and "no repair or upgrade of building 61 located next door is necessary as it was not damaged...."
19. To date, despite the Building Commissioner's requirement of what is needed to bring the Premises to Building and Fire Code, the costs thereof, as well as the losses sustained by the Plaintiffs for the loss of use of the premises, the concomitant costs associated with finding alternative housing for its residents, and the duties and requirements of Philadelphia under the policy, Philadelphia has failed to pay 401 Liberty or BHN to the extent it is responsible to pay such losses.
20. Philadelphia, by and through its consultant, used a material misrepresentation to justify its refusal to pay 401 Liberty and BHN to the extent it is responsible.
21. Unable to come to an agreement as to the work required to bring the Premises to Building and Fire Code and the amount of time required for same, the parties entered into a Tolling Agreement on December 7, 2020, retroactive to December 4, 2020, to extend the Statute of Limitations for an additional sixty (60) days, in the hopes of settling the matter.

### COUNT I
### BREACH OF CONTRACT

22. 401 Liberty and BHN repeat and re-allege the allegations contained in paragraphs 1-21 of this Complaint and, by reference, incorporate the same herein.
23. 410 Liberty and BHN contracted in good faith to insure the property located at 59-61 St. James Ave. Springfield, Massachusetts 01105, and fully performed all of their obligations under the terms of the policy.
24. Philadelphia breached its contract with 401 Liberty and BHN, by, *inter alia*, relying upon its consultant's misrepresentations and factual inaccuracies, by failing to perform its obligations pursuant to the terms of the policy by not compensating 401 Liberty or BHN

for repair of the building to Code and by failing to perform all the covenants of the policy, including failing to provide 401 Liberty and BHN with rental payments for the building while it remains uninhabitable.

25. 401 Liberty cannot make the needed repairs and take possession of the Premises due to lack of action by Philadelphia with regard to building 59.

26. As a result of Philadelphia's breach of contract, 401 Liberty and BHN have suffered and continue to suffer damages.

## COUNT II
## VIOLATIONS OF M.G.L. c. 93A AND 176D

27. 401 Liberty and BHN repeat the allegations contained in paragraphs 1-26 of the Complaint and, by reference, incorporate the same herein.

28. Despite clear liability, Philadelphia has violated the provisions of M.G.L. c. 93A and 176D by failing to acknowledge and act reasonably prompt upon communication with respect to claims arising under insurance policies.

29. Philadelphia has violated the provisions of M.G.L. c. 93A and 176D by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies.

30. Philadelphia has violated the provisions of M.G.L. c. 93A and 176D by refusing to pay claims without conducting a reasonable investigation based upon all available information.

31. Philadelphia has violated the provisions of M.G.L. c. 93A and 176D by failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

WHEREFORE, 401 Liberty and BHN demand judgment against Philadelphia in an amount that will fairly and adequately compensate them for their damages, including but not limited to those damages set forth herein, seeking an order of actual damages and an award of interest, costs, and attorneys' fees, and such other relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

The Plaintiffs, 401 Liberty Street, LLC,
and Behavioral Health Network, Inc.,
By their Attorneys,

Date: January 28, 2021

Raipher D. Pellegrino, Esquire
BBO#: 560614
Shawn M. O'Connor, Esquire
BBO#: 656221
Raipher, P.C.
265 State Street
Springfield, MA 01103
Tel. No.: (413) 746-4400
Fax. No.: (413) 746-5353
Email: rdp@raipher.com
smo@raipher.com